Good morning. Good morning, and may it please the Court. My name is Brent Newell. I'm appearing for El Pueblo Para El Aire Y Agua Limpio. With me at council table is Christopher Winter, and I'm also joined today by a member of El Pueblo, Maricela Maris-Alatorre, who's come all the way from Kettleman City to participate in the proceedings. Thank you. We're here after the district court granted a 12B1 motion to dismiss. We've only appealed the dismissal with respect to declaratory relief. On appeal, EPA now argues the district court properly declined to exercise its discretion under the Declaratory Judgment Act to decline declaratory relief. I want to make three points this morning. First, Rosemere controls the mootness analysis in this case, not the Declaratory Judgment Act. Let me ask you, I'm not clear that the district judge found the declaratory judgment claim to be moot. It looks like he found several other claims to be moot, but on this one he doesn't say it was moot. He said he doesn't think it would serve any good purpose. I don't see where he dismissed it as moot. Why isn't this just simply a discretionary dismissal by the district judge under the Declaratory Judgment Act? As I read his order, I don't think any useful purpose would be served. That may be right or wrong, but that's not a mootness dismissal, is it? Well, with respect to Judge Silverman's question first, the other. I think I was asking the same one, I hope. The other claims for relief were dismissed on ripeness and standing grounds, not on mootness. The declaratory relief claim, when you look at the decision by the district court, the district court cites mootness cases for its finding that there would be no effective relief or no useful purpose. In other words, can't the district judge say I'm looking at mootness cases and, therefore, I declined to exercise my discretion? If it were moot, he wouldn't have any discretion. Well, if he were looking at mootness cases and said I declined to exercise my discretion, he would be committing error because he's not following Rosemere and Laidlaw in determining whether, under the exception to the mootness doctrine, the case should be dismissed. So Rosemere and Laidlaw control if the court's appointment. No, I tend to agree with you that the case is not moot at the point when it comes to the district judge. But I have a different question. If he was exercising his discretion not to take it, why did he abuse his discretion? Well, first, the district court did not exercise subject matter jurisdiction over the case. This was a 12b-1 motion. At no point did the court say, I am finding this not moot, and then I am proceeding to use my discretion under the declaratory judgment. What requires that he make that kind of recitation? The Ninth Circuit in the Geico case, which we cite in our reply brief, first says that the court needs to exercise subject matter jurisdiction before it exercises it. The judge didn't say, I don't have jurisdiction. I mean, it's the judge appears to assume he has jurisdiction and declines to grant the relief. Well, I don't know of any case that says he has to, you know, recite a particular incantation. It is in the Geico case, respectfully, Judge Silverman, that the first. He had the page and quote there handy? Yes. It's Geico is, it's 133 F3rd at, starts at about 1222 and it goes through 1225. What does the language say? Can you help me with what it says? The court en banc was deciding how the court addresses declaratory judgment discretion. And it first said, the first. What's the language you want to call my attention? At page 1222, the court says that the district court, after establishing jurisdiction under Article III, then has discretion to take on a declaratory judgment issue or not take on it. So it doesn't say the judge has to recite something? Well, it then goes on to say that a party needs to first object to the exercise of jurisdiction. My question was, does it say the judge has to recite something? It, the case is concerning when a judge doesn't talk about its exercise of discretion under the Declaratory Judgment Act. Right. So let's assume that he did here. That's the question that I've got. Let's assume that we view the judge's language at the end as saying, I'm declining to exercise my discretion. He probably should have, as you say, not dismissed for lack of subject matter jurisdiction, but dismissed under 12b-6. Do we have a case that says he has to recite that mantra in order to get there? I understand that Geico, as I read it, says this is the legal analysis. First do I have jurisdiction and then do I exercise discretion. Let's assume that he left out a step there. Does that make an error? I am not aware of a case, Your Honor, that says that the judge specifically has to say, I am declining to, or I am. The court of appeals in Geico was concerned about district courts not saying anything. Failing to say it. And the court went on to say that a party who does not object under the Declaratory Judgment Act and then waits until the appellate court proceedings has waived that argument. Now, let me ask, can I ask you, I want you to switch a little bit, and I realize the merits were never reached below. Can you tell me what regulation you believe the EPA didn't follow? It's Title 40, Code of Federal Regulations, Section 7.115C. Well, this is where I'm having some trouble, and I know we don't get to the merits, but it might get to me. It might bear on whether the district court, if it exercised jurisdiction, did it appropriately or not. 115C requires what? It requires the EPA to, upon accepting a complaint for investigation, to resolve the complaint within 180 days. Well, it doesn't? Or does it require the EPA? I mean, there's two provisions here. There's 115 and there's 120. Correct. Am I right in thinking that you're not claiming a violation of 120? I believe you may be thinking of the 20-day period to accept or reject a complaint. Well, here's how I – let me just sort it out, and I'll find the regs as we talk. But here's my – here's how I read these regs and tell me where I'm wrong. You file a complaint with the EPA, right? That's correct. A private party files a complaint with the EPA. The EPA has some period of time in which to decide whether to accept it and proceed with it. That is correct. Or not. That is correct. Once it decides to accept it or proceed with it, the recipient, which is to say the person against whom you're complaining, is entitled to certain notices within 180 days of preliminary findings, et cetera. It's not about whether they're entitled to receive a notice. It specifically states that EPA has the obligation to issue preliminary findings. But my question is, isn't that obligation one which runs to the defendant, the recipient, rather than the complainant? In other words, the obligation that the EPA has with respect to your clients is whether or not to proceed with the complaint, correct? Does it have any obligation of speedy adjudication with respect to your clients? Yes, it does. And that's – What is it? What reg says? That is 7.115C. It says that upon the complaint's acceptance, then EPA has the obligation to resolve the complainant's cause within 180 days. It does not speak to any – is that duty only flowing to the defendant? And again, Judge Hurwitz, that was not an issue in the district court or now on appeal. But I'm looking at that. So tell me – 115C says within 180 days from the start of the compliance review or complaint investigation, the OCR will notify the recipient, which is the defendant, in writing, of its preliminary findings, recommendations, et cetera. I don't see in there any obligation to resolve the complaint within 180 days. What I see is an obligation to notify the complainee, the defendant, within 180 days of what the EPA's preliminary findings are. I assume they didn't do that here. I don't see – Unequivocally, each – But isn't that something that's there to protect the defendant? EPA has to make those findings regardless of whether they only have an obligation to notify the recipient. But they don't have to resolve – They have to make those findings. They don't have to resolve the complaint within 180 days. They merely need to send out preliminary findings within 180 days. They have to make the preliminary findings.  Let's assume that – That's what was alleged did not happen in this case. Let's assume that they don't. And what happens next? Isn't there a hearing or some sort of proceeding on the complaint? What happens if they don't make the preliminary finding? No. Let's assume they make them. They send them to the recipient, and the recipient says, I don't accept them. There is a process after that point. There's a – I don't recall. There's – I believe it's 30 or 60 days. If the recipient does not agree to voluntary compliance, then EPA shall initiate the withholding of Federal funding. There's a period between the preliminary finding issuance and EPA's mandatory obligation to then initiate proceedings to suspend Federal funding. But EPA has a duty to try to get voluntary compliance before it resorts to the other remedies under the Civil Rights Act. When the recipient objects to the preliminary findings, what happens? Doesn't the EPA have to resolve those objections? There are proceedings for an administrative hearing. Right. And are there any timeframes on those? I can't find them in the regs. Off the top of my head, Judge Hurwitz, I don't know what the timeframe is for the administrative law judge and all those other things. Counsel, Judge Gould, if I could ask you just two questions that are on my mind. One is, apart from the regulation, is there any precedent suggesting that a Federal agency has a duty to make a decision on complaints within a reasonably prompt period? There is no case law with respect to EPA's regulations where a court is saying that EPA has an obligation to act. I said without regard to the regulation, is there a general authority from the Supreme Court or otherwise suggesting that a Federal agency has to decide as a judge within a reasonably prompt time? If you're not aware, are you going to say you're not aware? There are two pieces of authority. The Civil Rights Act itself commands unequivocally in Section 601 that no person shall suffer racial discrimination at the hands of a recipient of Federal funding. Section 602 commands and authorizes EPA to effectuate that unequivocal mandate. The Ninth Circuit in Rosemere, in dicta, because it was a mootness case and there was mootness analysis, recognized that there was a time limit within the regulations under which EPA had to act on Rosemere's complaint. The Ninth Circuit in Rosemere then went on to say that EPA's post-complaint compliance did not moot Rosemere's claims for declaratory relief. Okay, I understand. Let me ask you my second question. Assuming that we reject the rather, in my view, technical argument being made that the district court was talking about mootness or acting as if it were moot or didn't say that he was exercising discretion, let's just assume for a minute that this panel decides that the district court was exercising discretion denying declaratory relief. Under the standard that we've set for abuse of discretion, which I think one of the leading cases is the Hinkson and Bank case, where it says it's an abuse of discretion if something's decided that's improbable, illogical, or not supported by facts in the record. What's your best case that there is an abuse of discretion in not giving declaratory relief here? The Supertire case from the Supreme Court dealt with mootness and declining and authorizing declaratory relief with respect to... I have some knowledge of Supertire and McCorkle. And that was a mootness case. That was a mootness case, as is this. Right. But Judge Gould's question, and I'm interested in the answer, too, is there a case that suggests that a judge who didn't determine a claim is moot but nonetheless refuses to exercise discretion, his discretion to rule on it because he thinks it wouldn't serve any useful purpose. I want to find a case that helps you on the abuse of discretion, not on whether it's moot. We all agree it's not moot for your purposes of your question. I want to make two – respond in two parts to Judge Gould's question, which is allowing the exercise of discretion on the Declaratory Judgment Act would eviscerate the principles of voluntary cessation and laid law from the Supreme Court and Rosemere, this post-compliance by a defendant. So your position is whenever there is voluntary cessation, the words in the Declaratory Judgment Act which says the judge may declare the relations of the parties become must? Then not entirely. Because those cases did not deal with the Declaratory Judgment Act and making the point that you're saying. But what I am trying to say, Judge Hurwitz, is that if a district court has discretion to decline to grant declaratory relief when there is post-complaint compliance, then that eviscerates the voluntary cessation doctrine. So what you're saying is that a district court must give declaratory judgment relief whenever there is post-complaint voluntary cessation. That is your position, isn't it? That is our position. So that under those circumstances the – go ahead, Judge Gould. I think that's fighting the hypothetical that I'm framing. I understand you can make that argument. Let's say I would not personally be able to join in that argument, but yet I'm confident that there is some obligation for reasonably prompt decision by a federal agency. And I'm confident that we have a standard in Hinkson that says it's an abuse of discretion if a court decides something that's illogical. That's what Hinkson says. So why don't you tell me in your best advocate's terms why it's illogical for the district court here to say that it would serve no useful purpose to give declaratory relief on timeliness of action in a case where the EPA, you know, waited 17 years to decide a Title VI complaint and only decided after being prompted by litigation? Your Honor, the standard of review in a Rule 12 motion, Rule 12b1 motion, or if it's a 12b6 motion as recognized in footnote 6 of EPA's brief, the standard of review for the district court is to view the allegations in the complaint and the evidence before the court in the light most favorable to the non-moving party. The allegations in the complaint, Maricela Maris' aleatory declaration, plainly set forth an ongoing controversy between the parties warranting declaratory relief. Money is still flowing to the Department of Toxic Substances Control. The dump is still expanding. El Pueblo has demonstrated in the complaint and in the affidavit that it has a commitment to civil rights that has been going on for decades. The declaration of Ms. Maris' aleatory referenced racial discrimination during the process of issuing this new complaint. The district court applied a very narrow interpretation of the allegations in the complaint and then conversely expansively interpreted the answer from EPA, which denied that it had a duty to act in a timely way, denied that it violated the Administrative Procedures Act. We don't know the answer to those questions because nobody has ever ruled on them. Those are the questions you would like the district court to rule on. Actually, the district court ruled in those. When the district court said that there would be no useful purpose, the district court said that there was no allegation in the complaint that EPA interpreted its obligations under the regulations to have a timely resolution. The complaint plainly alleged that Section 7.115C imposed a 180-day obligation. The complaint plainly alleged that EPA had violated that 180-day obligation. No, I understand that. Okay, we're over time, so why don't you ask one last question. Let me ask one question which is not on any of the points we talked about before. You have several complaints now pending before the EPA that are unresolved, correct? You've asked us to take judicial notice of those. El Pueblo asked the court to take judicial notice of those. Okay, let's assume we took judicial notice of them. Could you now file a declaratory judgment action saying I've had really bad experience with the EPA and I want you to tell them they have to resolve these things within 180 days? Well, I think that would be the unwelcome outcome of a decision to affirm the district court. Well, I'm wondering whether or not that isn't a better way to approach this because then we're you can actually get some relief that helps your clients. You've been turned down in the other case, and so it's over. There's no judicial review of that here. But you've got live cases. The case in which you brought the declaratory action in, that complaint has been resolved. We're not reviewing the denial of that complaint, correct? No. No, I think you're going to need to cut it off here. No, I'm going to go on for a second because then maybe I'm confused. You filed an administrative complaint with the EPA. They took forever, but they finally turned you down. After the complaint was filed under the Administrative Procedure Act to compel the unlawful. They took forever, but they finally resolved that complaint. They then acted and dismissed the complaint. That's not in front of us right now. That is. That complaint is not in front of us. Oh, on the merits. Right. There is no lawsuit challenging exactly what EPA did to dismiss the complaint. You're correct. You have two live complaints now in front of the EPA. There's one complaint live in front of the EPA that EPA has accepted for investigation. The 180-day clock is running right now. That's all I needed to know. It is the complaint that was referenced in the Mari Salvatore declaration. Thank you, Mr. Newell. Sorry, Judge Silverman. Thank you. Okay. Let's see for the EPA. Good morning. Good morning, Your Honors. May it please the Court. Charles Scarborough, Department of Justice for the EPA. As the colloquy thus far has indicated, the sole question here before this Court is whether the district court abused its discretion in denying declaratory relief. So go back to Judge Gould's question, and I think he gave a better answer. He gave the answer I think he wanted counsel to give, and so I'll give you that set of facts. A complaint is filed with the EPA. It takes you 17 years to resolve it. You only resolve it after a complaint is filed and after there's judicial action elsewhere suggesting that the EPA is not complying with its regulations. Why shouldn't the plaintiffs under that circumstance be able to get a declaration that you did not follow the law in how you resolved that complaint? Part of the answer, Your Honor, goes to the narrow constraints that we're operating in courts or operate under, under Section 706.1, to compel agency action unlawfully withheld or unreasonably delayed. That's what — It surely was unreasonably delayed. I understand, Your Honor, but what I'm trying to point to is that's what courts are authorized to do. In other words, they say to an agency that has delayed beyond a statutory deadline or, to answer your question, Judge Gould, beyond a reasonable period of time. I think 5 U.S.C. 706.1 itself contemplates a reasonable period of time. The track case out of the D.C. Circuit, you know, announces factors to, you know, accommodate unreasonable delays where there is not a specific regulatory deadline. We're not fighting any of that sort of premise here. But the point is that what a court is authorized to do is compel the action. When the action — and here the action has happened. The agency has issued a 148-page decision that rejected the claim on the merits. It took an awful long time. But that's what a court sits to do is to compel that action. And what the district court — Turning your focus to the request for declaratory relief, once the action that could have been for a district court to give declaratory relief that says the agency unreasonably delayed, it's now decided, but it took too long, especially in a case where there's a possibility, if not a probability, that there's going to be other such litigation between the parties. Well, the district court gave a lot of reasons for that. One, and I guess first and foremost, is that a finding of past unreasonable delay, i.e., a finding of past delay in this case, would serve no purpose for adjudicating the next case that comes along. In other words, if the EPA were now to delay on the, you know, pending case that they have in front of it, if they were to go beyond the deadlines or in some other way take too long, the fact that EPA — you know, that there's a declaration, a judicial declaration of unreasonable delay from a past case doesn't have any bearing on the other case. Well, but it seems to me you have the mirror of the position I attributed to your opponents, and I'm not sure I'd like it either. Your position is that once we have voluntary secession, all declaratory relief is off the table. Their position is once there's voluntary secession, you must grant declaratory relief, or at least that's one that I thought they were saying. Why is that true? I don't think our position in this appeal is that extreme. I think our position in this appeal is that it's within the district court's discretion, and the district court exercised its discretion and found no useful purpose would be served by granting the declaratory relief. And that's the question. The district court's reasoning was there would be no useful purpose. And I could see a useful purpose for putting on the record that the EPA is not following its own rules. You would be on notice in the future that a court thought these things ought to be done in a reasonably timely fashion. Your Honor, can I interject? You can not interject because I'm done. Great. That's even better because it's less rude. I think the point that the district court understood is the EPA is definitely on notice. The district court essentially said that its decision that it was issuing in this case, in which it went through the mootness analysis as to the claim for specific injunctive relief and the ripeness analysis as to the claims for future injunctive relief, it basically said what I'm doing here is essentially the functional equivalent of a declaratory judgment. It said, I would like to quote the decision. The defendants will not be able to contest that it took an astounding 17 years to meet the 180-day deadline in plaintiff's prior Title VI complaint, irrespective of any declaration. That is very much a court saying, look, I'm very concerned with these deadlines. This Court in Rosemere expressed concern with the EPA's failure to meet these deadlines. It just as a matter of discretion said no useful purpose would be served by me tacking on a declaratory judgment that is effectively an advisory opinion in a case that it is closed, essentially, because the agency has issued the decision that it is alleged to have been unlawfully delayed. Okay. Counsel, let me ask you a question. That's a ‑‑ I do not mean this as a harsh analogy. There's probably others that would be more suitable. But let's take a bar association that considers alleged improper conduct by some lawyer, and the lawyer has stopped the conduct. Well, the bar association may issue some sort of letter of censure that says, you were doing was wrong and don't do it again. You know, surely they could just wait for another case of bad action and deal with that. But what's wrong with declaratory relief here? Or to state it another way in terms of the abuse of discretion standard, why is it not logical under Hinkson for the district court here to say after a 17‑year delay that it would serve no useful purpose to give declaratory relief about timeliness of action required by EPA? Well, again, Your Honor, I think what the district court was focused on was the fact that a declaratory judgment, a formal declaration that the EPA has, in fact, delayed, wouldn't have any legal effect in a new unreasonable delay case. That is right as a matter of law, as a matter of section 761 of the jurisprudence. But why is it right that if the ‑‑ and I'm not saying the plaintiffs are correct, and there are theories here. But if there was a declaration of what timeliness is required by the agency, then even if it didn't buy the six‑month preliminary findings, even if those are for the defendant, if the court just said the agency has to act in a reasonably prompt manner and 17 years does not meet that, why wouldn't that serve a useful purpose? First of all, the district court has effectively said that in our view. And second of all, the district court explained, went through this analysis in its four pages on the declaratory relief section, which was discrete and separate from its mootness and ripeness analysis, and said, based on its reading of the complaint, that what the complaint alleged was the failure to comply with this deadline. It didn't ‑‑ it wasn't about, you know, sort of establishing a legal duty. The EPA never denied that there was a 180‑day deadline. Can I ask you to stop there? Sure. Am I correct? Because I'm reading the district court's order that you don't contest that you were supposed to do something within 180 days. No, Your Honor. We do not. And you admit that you failed to. Yes, Your Honor. So this is not about interpreting the deadlines. It's about your specific conduct. That's correct, Your Honor. You're being EPA. I understand. I don't take it personally. But, yes, it is. But that's the point, is that it's about the specific conduct with respect to whatever complaint is pending. And so it would then, again, be about the specific conduct in the new hypothetical case that might come down the line. And while it's difficult to imagine sort of all the hypothetical things that could occur, you might miss the deadline but have very good reasons for missing the deadline, because the case went into ADR. You know, there's a lot of effort to reasonably sort of conciliate these cases where EPA is supposed to work with the funded entity to alleviate the discrimination. That's what the regs contemplate. So how would the EPA be hurt by a declaration that you took too long in this last case? I don't think that's the relevant question to ask. But I get to ask it anyway. I understand you do. I get to ask it anyway. I don't think, as a practical matter, I don't think the EPA would be hurt, because, again, we think that the district court and this court previously and Rosemere has essentially, you know, said, look, you've missed these deadlines. This is a very important statutory scheme. You know, you need to be doing a better job. Would it make any difference one way or the other if there's a declaration, declaratory judgment issued or not issued? I mean, does it change anything? I'm not sure that it does, Your Honor. And that's part of the reason why the district court said, look, in essence, I don't think it would serve any purpose here, because the decision in Rosemere and my decision in this case established that you have to do this within 180 days, and all the injunctive relief claims are gone. That's not on dispute, on appeal. And there's a line of authority under the Declaratory Judgment Act, which we've cited, which they haven't responded to at all, that says once all the other claims are out of the case, it really is totally your discretion as to whether you exercise a, you know, jurisdiction or over a declaratory relief claim. And that's really, in essence, what we think happened. Once all the other claims were resolved, was there remaining any other live controversy in this case? In this case, I don't think there was any live controversy. I mean, we argued mootness below. And there's no question that the district court's denial of declaratory relief was informed by mootness principles. He certainly relied on mootness cases. Spencer v. Kemna is a mootness case. And basically, just the idea of, look, courts don't generally go wading in when the underlying dispute, the thing that you are supposed to do is compel the agency action. Courts don't usually hang on to that and issue declarations. That's another question I had. The voluntary cessation doctrine came up. Has that been applied in the declaratory judgment setting or only in the injunction setting? Or do you know? I mean, there are so many cases under voluntary cessation, it's hard for me to make a sort of categorical statement. I think, generally speaking, it's very hard to generalize here. I think the voluntary cessation doctrine is in some tension with the limited scope of review under 706-1. What the court has authority to do in these unreasonable delay cases is to compel the agency action. And to the extent that that is the limited authority, and this was a big part of the briefing below, that the district court sort of finessed away in a footnote. He has a footnote that says I don't have to address that hard question. But I think he was informed by the understanding that what I have authority to do is And that was part of what, you know, once they've done that, they're, you know, issuing a declaratory judgment that they failed to do that is sort of in, you know, in excess of the authority. That was part of it. Would the court have jurisdiction once they've done that to issue a declaration saying if they hadn't done it after 17 years, I would have issued an order compelling it? Again, I think that that's something that we think that would not be proper under section 706-1. That's not what the district court ruled on. The district court finessed that issue. But certainly the district courts came to the same result in an exercise of his discretion saying I'm not going to do this as a matter of my power under the Declaratory Relief Act. I want to understand. I'm sorry. Judge Gould is still asking. I was just going to ask, is there any level of delay after which you have delay and then a resolution like this case? Is there any number of years, any level of delay after which the Department of Justice would say even after resolution, there should be a declaration that taking 50 years or 80 years or something to resolve a case is too long? I don't know that I can answer that sort of in the abstract. There is a deadline here. We're not fighting the existence of the deadline. We're not fighting the notion which is established both in the district court's decision and the Rosemere case that EPA is supposed to issue recommendations and findings within 180 days after a complaint has come in. So we're not fighting any of those legal propositions. What we are saying is that 706-1 gives courts authority to compel action unreasonably delayed or unlawfully withheld, and that's all it gives courts authority to do. Could the court have compelled action in your case? I hope I'm not stepping on Judge Gould, but if I – Go ahead. Could the court have compelled action in your case had the complaint not been resolved prior to its – prior to the district court's ruling?  I mean, that's precisely – And should it have? Well, it – Should it have? It's difficult for me to imagine what the defenses would have been to the unreasonable delay claim on the merits. But it's actually useful to imagine that. If the decision hadn't come out and the court had compelled the action, there wouldn't have been sort of this tack-on, you know, declaratory judgment sort of thing. I mean, that would have been – the court would have done the job it was supposed to do. EPA would have had to issue the decision. We would have been in the same position, essentially, as we are here with the district court's ruling. And I really want to emphasize again that this is sort of – the district court, you know, dealt with this case, clearly expressed concerns with the delays here, and exercised discretion in saying, look, this really isn't a useful purpose and it really does sort of exceed, you know, the boundaries of my authority here to sort of tack on a declaration. Thank you. Unless there are any further questions, thank you, Your Honor. Judge Gould. Thank you very much, Mr. Scarborough. Mr. Newell. Thank you. I realize I went way over my time initially. No, you didn't. But one of us did. Go ahead. We'll give you a – He doesn't want to point a finger. Will, would you put 90 seconds on the clock, please? First, this argument about 706.1 and jurisdiction under the APA, Rosemarie addressed EPA's argument in footnote 2 with respect to that. I want to address this no useful purpose point. The district court was citing mootness cases when it said there was no useful purpose to granting relief in this case. But didn't it also say, look, the Ninth Circuit's already slapped these guys. I think they're awful. What more do you want me to do? I mean, issue a separate declaration that they're awful? Yes. And he said – I know you did. But he said, but I'm not sure that serves any useful purpose. They've already been told they're awful. How do you respond to that? Well, it serves a useful purpose for El Pueblo because they had shown in the complaint and in the declaration that they were an ongoing entity and that they would likely file another complaint based on the expansion of the toxic waste system. Why couldn't the judge say, look, I'm not a public scold. If you need an injunction, I'll give you an injunction. If you're entitled to damages, I'll give you damages. But I'm not here to just ball people out, issue declarations that comment on what – you know, some past conduct. That would be a valid point, but not for the voluntary cessation doctrine. Again, I keep coming back to mootness and voluntary cessation because that's what the Court really based its analysis on. Is there a case that applies the voluntary cessation doctrine in the declaratory judgment setting as opposed to the injunction setting? In my research, I found no such case. An EPA has cited no such case. That's part of the problem, too. Yeah. Okay. Thank you, Mr. Newell. Judge Gold, anything else? No, it's a very challenging case and very interesting. Thank you. I have no questions. Thank you very much. Thank you all, gentlemen. The case is submitted.
judges: Silverman, Gould, Hurwitz